UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

KELVIN ROSARIO, (AKA KELVIN ROSADO)          COMPLAINT AND
                                                                           JURY DEMAND
                                                 Plaintiff,         DOCKET 14-CV-5245

                                                     against

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF CORRECTIONS; RIKER'S ISLAND
CORRECTIONAL CENTER; CORRECTIONAL
OFFICER L. MARTINEZ (A Member of the New York City
Department, Shield No. 16057); CORRECTIONAL
OFFICER GRIER (A Member of the New York City Department
of Corrections, Shield No. Unknown); CORRECTIONAL
OFFICERS JOHN DOES Nos. "1" TO "10" (Actual Names Unknown,
intended to be the Correctional Officers Assigned to Anna M. Kross
Center, Riker's Island Correction Center on July 16, 2014 Who Were Engaged in the
Assault of the Claimant)
                                                                     Defendants
_____X

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights under the Fourth and Fourteenth Amendments secured by 42 U.S.C. §1983, and the laws and Constitution of the State of New York.

2. The claim arises from a July 16, 2014 incident in which Officers of the New York City Department of Correction ("DOC") acting under color of the state law, intentionally and willfully subjected plaintiff to, among other things, excessive force, assault and battery, and deprivation of liberty.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorney's fees, and such other and further relief as

1

the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff, Mr. Kelvin Rosario, resides in the United States. He was in the custody of the Department of Corrections at the time of the incident as a pre-trial detainee.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. Correction Officer L. Martinez was an employee of the DOC on July 16, 2014 and is sued in his individual capacity.

10. Correction Officer Grier was an employee of the DOC on July 16, 2014 and is sued in his individual capacity.

11. At all times here mentioned, the defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

15. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of the notice, and this matter has not been settled or otherwise disposed

of.

## FACTUAL ALLEGATIONS

16. On, or about July 15, 2014, plaintiff was in DOC custody in Anna M. Kross Center ("AMKC"), a facility on Riker's Island. There, plaintiff asked for water and got into a verbal dispute with Correction Officer L. Martinez.

17. On or about July 16, 2014, plaintiff was taken to the AMKC medical clinic by a Correction Officer. Upon information and belief, there are no cameras inside the said Clinic. There, the plaintiff, to his surprise, encountered the said Officers Martinez and Grier with approximately five (5) other correction officers. Without any provocation by plaintiff, and in front of members of the Clinic staff, Officer Martinez struck the plaintiff's face and head repeatedly with his fists and feet. Officer Martinez was joined immediately by the said other officers, who proceeded to simultaneously strike plaintiff repeatedly with their fists and feet, landing blows to plaintiff's face, head, ribs, back, arms, legs, feet and testicles. Officer Martinez was repeatedly screaming and yelling, "hit that nigger's face, knock out his teeth! You think you are bad because you are from Washington Heights! You Spanish trash!"

18. After the plaintiff fell to the floor, he was dragged by the said officers from the clinic to an empty cell. Inside this cell, one of the said officers pinned the plaintiff's head hard to the floor with all his weight with his boots, while the other officers in unison, kicked and stomped the plaintiff repeatedly with their boots, landing multiple blows to plaintiff's head, face, ribs, back, arms, feet, legs and testicles until plaintiff lost consciousness.

19. Plaintiff was removed from AMKC by Emergency Medical Services, which took plaintiff to Elmhurst Hospital, where he received X-rays and other examinations. Upon information and belief, plaintiff suffered multiple fractured ribs, trauma to his testicles, head and other parts of his body.

20. All the said officers attempted to cover-up their assault and other illegal actions against the plaintiff by accusing him of crimes and infractions he did not commit, by falsifying reports and Notices of Infractions, Forms 6500A.

21. At all times during the events described above, the said Corrections Officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other in said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

22. During all the events described, the defendants acted maliciously and with intent to injure and abuse plaintiff.

## **DAMAGES**

23. As a direct and proximate result of the acts of defendants, plaintiff, suffered the following injuries and damages:

    a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

    b. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

    c. Violation of his New York State under his New York State Constitutional right under Article 1, Section 6 to due Process of law;

    d. Violation of his New York Constitutional right under Article 1, Section 5, to be free from cruel and unusual punishment;

    e. Physical pain and suffering;

    f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and

g. Deprivation of his liberty

## FIRST CAUSE OF ACTION
## (42 USC §1983)

24. The above paragraphs are here incorporated by reference.

25. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from cruel and unusual punishment under the Eighth Amendment and his right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution and are liable to plaintiff under 42 U.S.C.§1983 and §§5 and 6 of the New York State Constitution.

26. Plaintiff has been damaged as result of defendant's wrongful acts.

## SECOND CAUSE OF ACTION
## (MUNICIPAL LIABILITY)

27. The above paragraphs are here incorporated by reference.

28. The City of New York is liable for the damages suffered by the plaintiff as a result of the conduct of their employees, agents, and servants.

29. The City of New York knew or should have known of its employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

30. The aforesaid event was not an isolated incident. The City of New York had been aware for some time (from lawsuits, notices of claims, inmate complaints, internal investigations, news reports, etc.) that many of their officers are insufficiently trained on how to avoid excessive use of force. The City of New York insufficiently disciplines officers for not reporting fellow officers' misconduct that they have observed, and it fails to discipline officers for making false statements to disciplinary agencies. The investigatory body responsible for monitoring officer behavior, the

Inspector General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, although inmates are only interviewed individually. In addition, the Inspector General routinely fails to investigate claims of violence or abuse when the person suffering does not initiate the claim. The City of New York is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, defendants have failed to take correction action. The failure and these policies caused the officers in **the** present case to violate plaintiff's civil and constitutional rights, without fear of reprisal.

31. The City of New York knew, or should known that the officers who caused plaintiff's injury has a propensity for the type of conduct that took place in this case. Nevertheless, the City of New York failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

32. The City of New York has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in similar cases involving misconduct.

33. The above described policies and customs demonstrated deliberate indifference on part of the policymakers of the City of New York to the constitutional rights of the persons within the New York City, and were the cause of the violations of plaintiff's rights here alleged.

34. They City of New York has damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents, or servants in this and in similar cases involving officer misconduct.

35. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City of New York.

## THIRD CAUSE OF ACTION
### (ASSAULT)

36. The above paragraphs are here incorporated by reference.

37. Defendants, by repeatedly hitting, punching, and kicking plaintiff, while he was inside AMKC, made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

38. Defendant's have deprived plaintiff of civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and New York State laws and Constitution.

39. Plaintiff was damaged by Defendants' assault.

## FOURTH COURSE OF ACTION
### (BATTERY)

40. The above paragraphs are here incorporated by reference.

41. Defendant's, by repeatedly punching, hitting, and kicking plaintiff while he was inside AMKC made plaintiff fear for his physical well-being and safety and placed him in a apprehension of immediate harmful and/or offensive touching, used excessive and unnecessary force with plaintiff for no penological purpose and battered him.

42. Defendants have deprived plaintiff of his civil, constitution and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and New York State Constitution.

43. Plaintiff was damaged by defendant's battery and excessive force.

## FIFTH CAUSE OF ACTION
### (NEGLIGENT HIRING & RETENTION)

44. The above paragraphs are here incorporated by reference.

45. Defendant officers had a bad disposition and the City of New York knew or should have

known of facts that would have led reasonable and prudent people to further investigate the defendant officers' bad dispositions through the hiring process.

46. Defendant City of New York knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to plaintiff's injury.

47. Defendant City of New York was negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to use excessive force.

48. Defendant City of New York has deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and the New York Constitution.

49. The injury to plaintiff was caused by the officers' foreseeable use of excessive force.

## [SIXTH COURSE OF ACTION
## (RESPONDEAT SUPERIOR)

50. The above paragraphs are here incorporated by reference.

51. Defendants' intentional and tortuous acts were taken undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

52. As a result defendants' tortuous conduct in the course of their employment and in furtherance of the business of the defendant, City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.  Awarding plaintiff reasonable attorneys' fees, costs, and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demand a trial by jury

DATED:  New York, New York
September 8, 2014

TO: New York City
Corporation Counsel Office
100 Church Street, 4th Floor
New York, NY 10007 on behalf
defendants The City of New York,
The New York City Department of Corrections;
Riker's Island Correctional Center; Correctional
Officer L. Martinez A Member of the New York City
Department, Shield No. 16057); Correctional
Officer Grier (A Member of the New York City Department
of Corrections, Shield No. Unknown);
Correctional Officers John Does Nos. "1" TO "10"
(Actual Names Unknown, intended to be the
Correctional Officers Assigned to Anna M. Kross
Center, Riker's Island Correction Center on July 16, 2014
Who Were Engaged in the Assault of the Claimant)

Respectfully yours,

By: ISMAEL GONZÁLEZ
Bar # IG9920
Gonzalez & Associates, LLC
Attorneys for Plaintiff
1270 Broadway, Suite 202
New York, NY 10001
Office: (212) 465-1500
Cell: (917) 940-6626
melgonzalezesquire@gmail.com