

**ZACHARY W. CARTER**
Corporation Counsel

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**TOBIAS E. ZIMMERMAN**
phone: (212) 356-2661
fax: (212) 356-3509
tzimmerm@law.nyc.gov

June 3, 2016

**VIA ECF**

Honorable Steven L. Tiscione
United States Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Kelvin Rosario v. City of New York, et al.
14-CV-5245 (PKC) (ST)

Your Honor:

I am the Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to represent City of New York in the above-referenced matter. Defendant writes in response to the motion by Plaintiff's counsel, Michael Reich, Esq., to withdraw as counsel for Plaintiff in this matter. See ECF Nos. 34–36.

First, Defendant apologizes for the tardiness of this response, which was due on May 31, 2016. See Order dated May 9, 2016 (Docket Entry No. 33). Defense counsel miscalendared the date of the response as due at the end of the week, rather than on the Tuesday following the Memorial Day holiday. Defendant asks that the Court accept this belated response. Defense counsel emailed Plaintiff's counsel earlier today requesting his consent to the filing of this response out-of-time, but has not received a response.

Substantively, the City does not object to Plaintiff's counsel withdrawing from the representation of Plaintiff in this matter. However, as set forth herein, the City requests that the Court's decision on counsel's motion be deferred until after either: (1) a new attorney appears on behalf of Plaintiff; or (2) the appointment of a guardian *ad litem* to safeguard Plaintiff's interests in this action.

This litigation has had a somewhat troubled history to date. Plaintiff's original counsel, who filed the Complaint, was suspended from practice by the Appellate Division, First Department on September 10, 2015, at which time Mr. Reich was retained to represent Plaintiff. See Letter from Michael Reich dated October 2, 2015 (Docket Entry No. 25). Following a pre-trial conference before the Honorable Steven M. Gold on October 16, 2016, the parties began to move forward, but quickly ran into difficulties relating to Plaintiff's current competency. See

Letter from M. Reich dated February 25, 2016 (ECF No. 30). Mr. Reich has further informed both defense counsel and the Court that he has had disagreements with Plaintiff's mother, and that he has come to believe that Plaintiff's mother is not presently acting in Plaintiff's best interests.[1]

In a Minute Order dated February 29, 2016, Magistrate Judge Gold instructed Plaintiff's counsel to "consider whether appointment of a guardian ad litem is warranted and be prepared to address the issue at the next conference." Docket Entry No. 31. The case was subsequently transferred to Your Honor, and a status conference was held by telephone on May 9, 2016. The primary focus of the May 9th telephone conference was Mr. Reich's intent to file a motion to be relieved; the issue of a guardian *ad litem* was only mentioned in passing.

Before this case can move forward, either a new attorney must appear for Plaintiff or Plaintiff must appear *pro se*. Based on the representations by Mr. Reich, it appears that neither of these scenarios is likely to come to pass in the immediate future. If Mr. Reich is allowed to withdraw completely, the Court and Defendant would therefore be placed in an untenable position of attempting to communicate with and litigate against Plaintiff who may or may not be competent to receive and understand those communications. At the same time, Mr. Reich has raised concerns that Plaintiff's family, and his mother in particular, may be acting contrary to Plaintiff's interests, particularly in regards to this lawsuit. Thus, even if the Court and/or Defendant receive communications that appear to represent Plaintiff's desires and intent, there would be grounds to question the legitimacy of those communications.

While the City is not opposed to Plaintiff's counsel withdrawing from this action, it believes that before this occurs steps should be taken to ensure that there is a third-party who is able to represent Plaintiff's interests and ensure that there are no actions taken that might prejudice either Plaintiff or Defendant. Given Mr. Reich's knowledge of and concerns regarding Plaintiff's immediate family, Defendant believes that the most efficient manner in ensuring the appointment of an appropriate guardian would be for Mr. Reich to make a motion for such an appointment, pursuant to Rule 17(c) of the Federal Rules of Civil Procedure. Mr. Reich should then remain on the docket as Plaintiff's counsel until either a guardian is appointed or a new attorney is retained to represent Plaintiff, and the Court is convinced that Plaintiff's interests are adequately protected.

Defendant thanks the Court for its time and attention to this matter.

Respectfully submitted,

Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division

cc: Michael Reich, Esq. **(via ECF)**
*Attorney for Plaintiff*

---

[1] Defendant does not have any knowledge of the contents of Mr. Reich's *in camera* submission, and therefore cannot say whether or not the issues with Plaintiff's family are addressed in that communication with the Court.